Dear Mayor Myers:
This office is in receipt of your request for an opinion of the Attorney General in regard to approval needed for contracts included in the budget. With respect to this matter you ask the following:
 1) When a project is budgeted and Council approved, does agreement with the engineer for that project have to go back in front of Council for approval or can the Mayor sign?
 2) When a project is budgeted and Council approved, bids are advertised and we follow the bid law, does it have to be brought in front of Council to award the bid?
R.S. 39:1311, "Budgetary authority and control", sets forth in Paragraph (C) as follows:
 The adopted budget and any duly authorized amendments required by this Section shall constitute the authority of the chief executive or administrative officers of the political subdivision to incur liabilities and authorize expenditures from the respective budgeted funds during the fiscal year.
A mayor of a Lawrason Act municipality has the power to sign all contracts on behalf of the municipality under R.S. 33:404, but the town council must initially authorize such action which can be by adoption of the annual budget or an amendment of the budget. Atty. Gen. Op 91-516. Therefore, after a budget is approved that includes the project, in accordance with R.S. 39:1311, we find the Mayor has the authority to sign a contract for that project as budgeted.
With regard to a budgeted project that is subject to bid, we must look to R.S. 38:2214A, which provides:
 The public entity desiring to let a public contract shall, in its resolution providing for the contract or purchase and for the advertisement for bids, designate the time and place that the bids will be received and shall at that time and place publicly open the bids and read them aloud. * * * *
We have previously found that such a bid opening need not be in a meeting of the public body, but that the public body may designate an appointed official or employee to receive, open and read the bids received. Atty. Gen. Op. 91-123. It also appears to be within the purview of this provision for the public entity to authorize the purchasing director, director of finance, mayor or other designee to identify the lowest responsible bidder. That having been done, the mayor would then be authorized to contract, as indicated above, for expenditures which have been budgeted. Political subdivisions may, by home rule charter or ordinance, adopt their own procurement policies, not inconsistent with the Public Bid Law, which delineates lines of authority and responsibility in the procurement process. While it may be reasonable for the governing body of a smaller public entity to review the selection of every low bidder and award every contract, such practice would be extremely burdensome for a large entity which may award hundreds or even thousands of contracts each month.
We hope this sufficiently answers your inquiry, but if we can be of further assistance, do not hesitate to contact us.
Sincerely yours.
 RICHARD P. IEYOUB Attorney General
 BY: _____________________________ BARBARA B. RUTLEDGE Assistant Attorney General
RPI/bbr